CITY OF CAMDEN, PLAINTIFF IN ERROR, v. JOHN K. GREEN, DEFENDANT IN ERROR.

1. It is a general principle that, if a person, without mistake of fact or fraud, duress or coercion, pays money on a demand which is not enforceable against him, the payment is deemed a voluntary payment and cannot be recalled.

2. Where a municipality, in good faith, but under a misapprehension of the law, demands a greater sum than it is legally entitled to, for a license to carry on a particular business, a person who, with knowledge of the facts, pays the sum demanded, cannot recover back the excess.

On error to the Supreme Court.

For the plaintiff in error, *J. Willard Morgan* and *David J. Pancoast.*

For the defendant in error, *John J. Crandall.*

The opinion of the court was delivered by

DIXON, J. In accordance with the provisions of "An act to establish an excise department in cities of this state," passed April 8th, 1884, and its supplements (*Rev. Sup., p.* 695), a

board of excise commissioners was organized in the city of Camden, and thereby became vested with the power to make,. establish, amend or repeal ordinances and by-laws to license, regulate or prohibit inns and taverns, restaurants and beer saloons within the city, but the fees for licenses granted by the board were to go into the city treasury.

By ordinance passed April 9th, 1890, the board fixed the fee for a license to sell spirituous, vinous, malt or brewed liquors in quantities less than one quart, at $500, and, on July 2d, 1891, the board granted a license for such purposes to the plaintiff, who thereupon paid said fee to the city clerk, who turned it over to the city treasurer.

Forthwith the plaintiff brought suit against the city of Camden to recover the sum of $200, on the ground that,. under "An act to create county boards of license commissioners and to define their powers and duties," approved March 20th, 1891 (*Pamph. L.*, *p.* 221), a county board of license commissioners had been appointed for Camden county, and before July 2d, 1891, had reduced the fee for liquor licenses. in the city of Camden to the sum of $300.

At the trial of the suit the plaintiff proved the creation of the city board, its ordinance fixing the fee at $500, the issuance of the license to himself, his payment of the fee, the administration of an oath of office to three persons claiming to be members of a county board of license commissioners,. and the receipt, on July 1st, 1891, by the city board, of a communication, which purported to come from the county board and to contain a resolution of the latter board dated' June 29th, 1891, reducing the fee to $300.

Upon this proof the trial judge directed a verdict 'for the plaintiff for $200, and an exception to this direction presents the error now assigned.

Counsel for the city urged the unconstitutionality of the act of 1891 as his main reason for reversal, but that point need not be considered, for, upon other grounds, the direction was clearly erroneous.

In the first place, there was no legal evidence that the alleged county board had taken any action to reduce the fee. No proof was offered of the authenticity of the communication received by the city board, and it was not of a character to prove itself.

But in the second place, if such action had been lawfully taken and lawfully proved, the payment by the plaintiff was voluntary and hence could not be recalled.

There is nothing in the case to indicate that the plaintiff was ignorant of the fact of reduction, if it existed, and no suggestion of fraud was made. ( The case, then, could have been only this: The city board, claiming the legal fee to be $500, although the county board had ordered that it be reduced to $300, and being willing to issue a license to the plaintiff on payment of what it considered the legal fee, the plaintiff, with full knowledge of the facts, paid $500, and received the license.

In such a transaction there is nothing to take the case out of the general principle, that where a party, without mistake of fact, or fraud, duress or extortion, voluntarily pays money on a demand which is not enforcible against him, he cannot recover it back. *Flower* v. *Lance*, 59 *N. Y.* 603; *Schwarzenbach* v. *Odorless Excavating Co.*, 65 *Md.* 34; *Sowles* v. *Soule*, 59 *Vt.* 131. A refusal to issue the license without payment of more than the legal fee would not constitute duress. *Sooy* ads. *State*, 9 *Vroom* 324; *Wright* v. *Remington*, 12 *Id.* 48; *S. C.*, 14 *Id.* 451. Nor would it constitute extortion; for a license was not demandable by the plaintiff as a right, and the city board, under its authority, conferred by the act of 1884, to license, regulate or prohibit, could lawfully have refused to issue a license upon any terms. Although the language of the act of 1891 would empower the county board, under certain circumstances, to reduce the license fee fixed by the city board, yet it did not attempt to impose upon the latter board the duty of issuing a license at the reduced rate, but merely entitled the applicant, on refusal of a license from the city board, to apply therefor to the county board. Consequently,

by refusing to license the plaintiff unless he paid the city $500, which the city board deemed the lawful fee or tax, that board was not withholding from him anything which it was its duty to concede. The board's purpose to do what it had a legal right to do, if the plaintiff would not comply with its demand, did not render its demand extortionate. *Sooy* ads. *State*, 9 *Vroom* 324; *S. C.*, 12 *Id.* 394. The privilege which it offered, the plaintiff was at perfect liberty to accept or decline, and his acceptance and compliance with the conditions of the offer were purely voluntary.

There is considerable authority for the proposition that where a municipality, in good faith but under a misapprehension of the law, demands a greater sum than it is legally entitled to, for a license to carry on a particular business, a person who, with knowledge of the facts, pays the sum demanded, cannot recover back the excess. Thus, in *Cook* v. *City of Boston*, 9 *Allen* 393, $10 were demanded and paid for a wagoner's license, when it was averred only $1 was legal; in *Emery* v. *City of Lowell*, 127 *Mass.* 138, $1,000 were demanded and paid for a liquor license, when it was averred the legal charge was $200; in *Town of Ligonier* v. *Ackerman*, 46 *Ind.* 552, a tax was demanded and paid for a liquor license, although the ordinance imposing it was void; in *Custin* v. *City of Viroqua*, 67 *Wis.* 314, a tax of $500 was demanded and paid for a liquor license, although the statute of the state forbade the collection of more than $200; in all these cases the courts decided that, as the licensee paid the tax without mistake of fact, and without any fraud or coercion on the part of the corporate authorities, the payment was voluntary, and the money could not be recovered back.

The impolicy of permitting contestable demands, made on behalf of municipalities by their boards and agents, to be acquiesced in and paid, without a final relinquishment of the right to contest the same, is pointed out by the Chief Justice in *Davenport* v. *City of Elizabeth*, 12 *Vroom* 362, and should bar suits under conditions like those in the present case.

If the claim of $500 was one to be resisted, the time for re-sistance was before payment, and the plaintiff then either should have appealed to the courts to compel the city board to consider his application upon the footing of a $300 license tax, or he should have applied to the county board for its license. His payment of the sum demanded closed the controversy.

The judgment below must be reversed.

*For affirmance*—None.

*For reversal*—The Chancellor, Depue, Dixon, Garrison, Magie, Reed, Scudder, Van Syckel, Werts, Bogert, Brown, Clement, Smith. 13.