53 *Vroom.* Shoemaker & Co. v. Board of Health.

---

## M. L. SHOEMAKER & COMPANY v. BOARD OF HEALTH OF GLOUCESTER CITY.

Submitted July 6, 1911—Decided October 20, 1911.

1. Boards of health have no power to require that wagons used for gathering and removing slaughter-house refuse and the like be licensed by them.
2. A license fee of $50 for each wagon engaged in gathering and removing slaughter-house refuse and the like is for revenue and an exercise of the taxing power unwarranted by the statutory powers of boards of health.

On *certiorari.*

Before Justices Swayze and Bergen.

For the prosecutors, *Wescott & Wescott.*

For the defendant, *Charles W. Letzgus.*

The opinion of the court was delivered by

SWAYZE, J.   The ordinance of the board of health under review requires a license from that board for the gathering and removing of slaughter-house refuse, and imposes a license fee of $50 for every wagon. The power of the board of health is to be found in section 12 of the act as amended in 1892.  *Gen. Stat., p.* 1644, *pl.* 49.  We find no power therein given to impose license fees of this kind. The nearest approach to such power is in paragraphs 4 and 5, which authorize the board to regulate, control and prohibit the keeping or slaughtering of all kinds of animals, and the accumulation of offal and all decaying or vegetable substances.  But these powers do not authorize the licensing of wagons to remove offal and the like.  The method provided by the act of enforcing the ordinances of the board of health is by prescribing a penalty for their violation.  *Gen. Stat., p.* 1638, *pl.* 18.  When the legislature meant to authorize the board to license an employment, it said so in express language as in the supplement of May 9th, 1889 (*Gen. Stat., p.* 1643, *pl.* 46), which authorizes them to license persons engaged in the business of cleaning cesspools and privies, and to require all vehicles used in the business to be approved by the board.

There is another fatal objection to this ordinance.  A license fee of $50 for each wagon is obviously imposed for revenue; it is an exercise of the taxing power and not of the police power.  License fees cannot be imposed for revenue in the absence of statutory authority.  *North Hudson County Railway* v. *Hoboken,* 12 *Vroom* 71, a case often cited, and approved by the Court of Errors and Appeals in *Johnson* v. *Asbury Park,* 31 *Id.* 427.  No power to impose license fees for revenue is given to boards of health.

The prosecutor has shown sufficient injury peculiar to itself to entitle it to question the ordinance (*Morgan* v. *Orange,* 21 *Vroom* 389) and since the objections to the ordinance are

such that it is inherently invalid as applied to any state of facts, the prosecutor was not obliged to wait until he had been convicted of a violation. *Central Railroad Co.* v. *Elizabeth,* 41 *Id.* 578; *Rosencrans* v. *Eatontown,* 51 *Id.* 227.

The ordinance is set aside, with costs.