M. L. SHOEMAKER & COMPANY v. BOARD OF HEALTH OF
GLOUCESTER CITY.

Submitted July 5, 1912—Decided November 27, 1912.

The fact that a payment of a license fee to a city board of health was accompanied by a written protest against the right of the board to exact it, does not relieve the payment of the character of having been voluntarily made.

---

On appeal from the Camden District Court.

Before Justices TRENCHARD, PARKER and MINTURN.

For the appellant, *Charles W. Letzgus.*

For the appellee, *Wescott & Wescott.*

The opinion of the court was delivered by

MINTURN, J. The suit was instituted to recover two license fees paid by plaintiff to defendant, under the requirements of "An ordinance to regulate the gathering of bones, fat, hides and other offal and refuse from slaughter-houses and meat shops." This ordinance, upon a writ of *certiorari* obtained at the instance of the plaintiff as prosecutor, was set aside by this court. *Shoemaker & Co. v. Board of Health,* 53 *Vroom* 33. Having paid two license fees under it the plaintiff, basing its suit upon the illegality of the ordinance thus declared nugatory, seeks to recover them.

The inquiry thus presented is whether they are in the category of voluntary payments. The facts are not in controversy. On July 3d, 1909, the plaintiff paid, without protest, the required license fee of $50. On July 19th, 1910, the plaintiff paid the license fee for that year and protested at the same time by letter against the validity of the ordinance, and the right of defendant to exact the fee. On May 8th, 1911, the writ of *certiorari* removed the ordinance to this court, and on October 20th, 1911, its validity was adjudicated.

After the ordinance had been declared invalid this suit was instituted, and the District Court awarded judgment in favor of the plaintiff. It is difficult to perceive upon what ground the first payment can be recovered, since having been made without protest, it possesses no distinctive features that can be said to mark it as other than a voluntary payment. 30 *Cyc.* 1298, 1301, and cases cited.

The real inquiry, therefore, must be directed to the second payment, which was made while the plaintiff was disputing with the defendant as to the legality of the ordinance, and accompanied its payment with a written protest against the right of defendant to exact it.

We think this is fully answered by the reasoning of Chief Justice Beasley in *Davenport v. City of Elizabeth,* 12 *Vroom* 366, &c., speaking for the Court of Errors and Ap-

peals, in which it was held that a payment made under such circumstances is none the less a voluntary payment. In that case the claim was made upon an assessment for benefits where the assessment had been subsequently set aside and declared invalid by this court. The claim was there made in an attempt to collect the assessment, which it was contended was practically paid under duress, or *per minas.* The sale of the assessed premises by the municipality for non-payment was the alternative, and yet that stringent contingency was held not to relieve such a payment of the character of being voluntary.

"In this state," said the Chief Justice, "a writ of *certiorari* is a perfect safeguard against unwarranted taxation of every description. This remedy, too, is so efficient that from the time of its issuing, it is a *supersedeas* of the proceedings of the officers to whom it is addressed."

The *status* of the plaintiff here, therefore, resolves itself into *argumentum ab inconvenienti,* for it had the privilege and opportunity before paying the fee to remove the ordinance upon the claim of illegality to this court, by writ of *certiorari,* which writ would operate as a *supersedeas.* It chose the alternative of paying the fee, and thus secure the privilege of operating under its license almost during the entire license period.

The rule in this state is settled beyond possibility of reasonable controversy, that under such circumstances a payment is impressed by law with the character of having been voluntarily made. *Camden* v. *Green,* 25 *Vroom* 591; *Turner* v. *Barber,* 37 *Id.* 496; *Fuller* v. *Elizabeth,* 13 *Id.* 427.

For these reasons the judgment below will be reversed and judgment ordered entered for the defendant.