STATE EX REL. MARSHALL & ILSLEY BANK, Respondent,
vs. LEUCH, City Clerk, Appellant.

*December 13, 1913—January 13, 1914.*

*Taxation: Voluntary payment of tax: Waiver of illegality.*

1. By the voluntary payment of a tax all right to bring action to
   recover it back or question its legality is waived.
2. In the absence of coercion, fraud, or mistake of fact, one cannot
   pay a tax without objection and afterwards demand his money
   back and maintain an action to recover it merely because he
   forgot at the time of payment that he proposed to contest the
   tax or because he did not know the legal effect of a voluntary
   payment.

APPEAL from a judgment of the circuit court for Milwaukee county: J. C. LUDWIG, Circuit Judge. *Reversed.*

For the appellant there was a brief by *Daniel W. Hoan,* city attorney, and *Garfield S. Canright,* assistant city attorney, and oral argument by *Mr. Canright.*

For the respondent there was a brief by *Harper & McMynn,* and oral argument by *John F. Harper.*

WINSLOW, C. J. This is an action of *certiorari* brought to reverse the action of the board of review of the city of Milwaukee for the year 1912 in refusing to deduct from the gross valuation of the capital stock of the bank the value of a building then under construction for its main banking house, but which had never been occupied, as well as the value of a branch office and the land on which it stands. The trial court reversed the action of the board of review, and this appeal is taken from that judgment. We think this judgment must be reversed because it appears that the taxes in question were voluntarily paid by the bank, without protest or compulsion, December 31, 1912, and before the judgment in the case was rendered. This fact was brought to the attention of the court by motion before judgment. The fact of the voluntary payment is undisputed, but it is sought to avoid its effects by a showing that the

president of the bank, who made the payment, did not at the time have in mind the fact that this proceeding was pending, and the further fact that about a week later the president gave written notice of his mistake to the city officers and demanded back the money paid, and offered to return the receipts.

It is very well settled that by the voluntary payment of a tax all right to bring action to recover it back or question its legality is waived. *Custin v. Viroqua,* 67 Wis. 314, 30 N. W. 515. The principle is a salutary one. It tends to quiet disputes, diminish litigation, and relieve from embarrassment the transaction of public business. If a person could, without any coercion, fraud, or mistake of fact, pay a tax without objection and afterwards demand his money back and successfully maintain an action to recover it because he forgot at the time of payment that he proposed to contest the tax or because he did not know the legal effect of a voluntary payment, the door would be opened wide for actions to recover back payments made voluntarily, but subsequently repented of. We decline to open that door. We think that upon the fact of the voluntary payment being brought to the attention of the court the writ should have been quashed.

*By the Court.*—Judgment reversed, and action remanded with directions to quash the writ of *certiorari.*