BRENNAN, J.T.C.
Plaintiffs move for summary judgment seeking a refund plus interest of overpaid municipal parking taxes paid to defendant, City of Hoboken (“City”). Defendant opposes Plaintiffs’ motion and has filed a cross-motion for summary judgment seeking a determination that overpayments of the City’s municipal parking taxes are non-refundable.
For the reasons set forth below, the court denies the Plaintiffs’ motion for summary judgment and grants the City’s cross-motion *567 for summary judgment. The court finds that no refund is due for the overpayment of the municipal parking tax.
I. STATEMENT OF FACTS AND PROCEDURAL HISTORY
This opinion sets forth the court’s findings of fact and conclusions of law on the parties’ cross-motions for summary judgment. R. 1:7-4. The court’s findings of fact are based on the certifications, briefs, and exhibits submitted by the parties, as well as the parties’ oral arguments on the motions. Both parties agree that the material relevant facts are undisputed and that the controversy lies within the interpretation of the applicable statutory authority and the City’s parking tax ordinance.
Prior to 2007, and pursuant to N.J.S.A. 40:48C-6,[1] the City enacted Ordinance No. 140-10, imposing a parking tax on the operators of public parking garages. Specifically, the ordinance authorizes the City to collect a fifteen percent tax on fees derived from the parking or garaging of motor vehicles. There is, however, an exception for fees derived from parking spaces that are leased to residential tenants.
Pursuant to the ordinance, the parking tax is self-reported by the taxpayer[2] and is collected on a monthly basis using a form promulgated by the City entitled “City of Hoboken Parking Tax Return.” The form is coupon-size (approximately 6x3 inches) and it does not include any reference to the exemption for residential parking fees.
Plaintiff, Block 255, LLC, (“Block 255”) owns the property known as Block 255, Lot 4.03 on the Hoboken tax map. The property includes a 1,250-spaee parking garage commonly known *568 as the Hudson Tea Parking Garage. In early 2007, Block 255 entered into a contractual arrangement with Plaintiff, Propark America New York, LLC (“Propark”). Under the agreement, Propark became responsible for the management of the parking garage and the collection of all fees derived from the use of the parking spaces.
Propark has managed the Hudson Tea Parking Garage since April 2007. Propark collects fees from garage users and, at the end of each month, remits a certified parking tax return with a check for payment of the fifteen percent tax to the City.
In 2009, Propark discovered that, from April 2007 through May 2009, it had erroneously calculated the amount of tax due. Rather than paying the tax only on the fees received from nonresidential and transient parkers, Propark paid tax on all parking fees, including those from spaces leased to Hudson Tea residents, who are exempt under the ordinance.[3] Propark calculates that it remitted $147,643.83 in overpaid taxes.
By letter dated January 14, 2011, Propark advised the City of the error and formally demanded a refund of the overpaid taxes. On March 2, 2011, the City formally denied the claim in its entirety on the basis that the tax was self-reported and that the City had justifiably relied upon the filed returns. On May 31, 2011, Plaintiffs filed a complaint with the Tax Court.
II. LEGAL ANALYSIS

A. Summary Judgment

Summary judgment is appropriate when “the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law.” R. 4:46-2(c).
*569 Summary judgment is proper if “a discriminating search of the merits in the pleadings, depositions and admissions on file, together with the affidavits submitted on the motion clearly shows not to present any genuine issue of material fact requiring disposition at a trial.” Judson v. Peoples Bank and Trust Co., 17 N.J. 67, 74, 110 A.2d 24 (1954).
Our Supreme Court has emphasized the importance of summary judgment “not only to save antagonists the expense of protracted litigation but also to reserve judicial manpower and facilities to cases which meritoriously command attention.” Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 542, 666 A.2d 146 (1995) (quoting Robbins v. City of Jersey City, 23 N.J. 229, 241, 128 A.2d 673 (1957)).
Both parties have stipulated to the relevant facts. The parties move as a matter of law for summary judgment in their favor. Upon considering the moving papers, the court concludes that there are no material facts in dispute and the matter is appropriately resolved through summary judgment.
B. City Ordinance 140-10
 Municipalities have no power except that delegated to them by the Legislature. Salomon v. City of Jersey City, 12 N.J. 379, 97 A.2d 405 (1953). The power to tax reposes in the State; municipalities have no inherent power to tax and can do so only pursuant to a delegation of the State’s power. Robinson v. Cahill, 62 N.J. 473, 303 A.2d 273 (1973), cert. denied, 414 U.S. 976, 94 S.Ct. 292, 38 L.Ed.2d 219 (1973).
The City’s authority to impose a parking tax is derived statutorily through Article 3 of the Local Tax Authorization Act (“LTAA”), N.J.S.A. 40:48C-6 et seq.
Pursuant to the LTAA, the City adopted Ordinance 140-10, which provides in relevant part:
A. There is hereby imposed a tax of 15% on fees for the parking, garaging, or storing of motor vehicles other than fees from parking in garage or parking areas which are leased to residential tenants.
*570 B. All taxes imposed by this Article shall be collected on behalf of the City of Hoboken by the person providing parking services to the customer.
C. The Chief Financial Officer of the city of Hoboken is hereby designated as collector of parking taxes. The methods for reporting taxes due shall be on forms and in accordance with procedure prescribed by the Chief Financial Officer from time to time.
The clear language of the City’s parking tax ordinance is that the fifteen percent tax does not apply to parking fees from residential tenants. It is equally clear that the ordinance does not contain a provision or procedure for refunds.
C. The New Jersey Local Tax Authorization Act
Article 3 of the LTAA establishes the authority for a municipal parking tax. As part of the LTAA, N.J.S.A. 40:48C-6 provides:
Any municipality is hereby authorized and empowered to enact an ordinance imposing in any such municipality a tax, not to exceed 15%, on fees for parking, garaging, or storing of motor vehicles, other than parking in a garage which is part of premises occupied solely as a private one- or two-family dwelling.[4]
Municipal parking taxes are to be collected on behalf of the municipality by the person providing parking services to the customer (N.J.S.A 40:48C-7(a)) and shall be remitted to the chief fiscal officer of the municipality and reported on such forms and paid at such times as may be prescribed in the municipal ordinance. N.J.S.A. 40:48C-7(d).
In addition to the Parking Tax, the LTAA also includes provisions for an Alcoholic Beverages Tax (Article 2) and an Employer *571 Payroll Tax (Article 5).[5] Neither the Alcoholic Beverages Tax nor the Parking Tax statutes address refunds or the repayment of overpaid taxes. The Employer Payroll Tax, however, which was enacted and amended at the same time as the Parking Tax statute, contains such a provision. When enacting the LTAA Employer Payroll Tax statute, the Legislature included the requirement that implementing ordinances must provide a procedure for claims for refunds, and repayment of overpayment of taxes. See N.J.S.A. 40:48C-16(d).[6]
Plaintiffs argue that the absence of language indicating a right to a refund in the Parking Tax statute is of no consequence as the LTAA also contains within it a general provision section which incorporates the State Tax Uniform Procedure Law (“STUPL.”) N.J.S.A. 54:48-1 et seq. Specifically, Article 8 of the LTAA, states in relevant part:
Any aggrieved taxpayer may appeal any derision, order, finding, assessment or action of the chief fiscal officer of any municipality adopting an ordinance hereunder to the tax court in accordance with the provisions of the State Tax Uniform Procedure Law, R.S. 54:48-1 et seq____ The appeal provided by this section shall be the exclusive remedy available to any taxpayer for review of a decision of the chief fiscal officer in respect to the determination of a liability for the taxes imposed hereunder.
N.J.S.A. 40:48C-38.
Based on the foregoing, Plaintiffs claim their right to a refund is found in STUPL at N.J.S.A. 54:49-14(a). That statute provides that a taxpayer may, within four years after the payment of any tax assessed, file a claim for a refund with the appropriate assessing authority N.J.S.A. 54:49-14(a).
*572 The City’s position is that (1) the Legislature’s decision to not include a refund provision within the Parking Tax statute was intentional and designed to preclude the right to a refund of overpaid taxes; (2) the provisions of STUPL do not create the general right to a refund of LTAA taxes; and (3) in the absence of the specific statutory right to a refund, the Volunteer Rule applies and therefore the overpayment is not refundable as a matter of law.
The court will first address the issue of whether the LTAA or STUPL provide plaintiffs with the right to a refund.
In the construction of statutes, particularly enactments having reference to taxation, the transient consideration is legislative intent. In Public Service Electric and Gas Co. v. Township of Woodbridge, 73 N.J. 474, 478, 375 A.2d 1165 (1977) (quoting New Jersey Power and Light Co. v. Township of Denville, 80 N.J.Super. 435, 439, 194 A.2d 16 (App.Div.1963)), the New Jersey Supreme Court stated that “the best approach in the construction of tax statutes is to give the words used by the Legislature their generally accepted meaning unless another different meaning is expressly indicated.” In ascertaining legislative intent, the Supreme Court has stated that “words alone do not control, rather it is the internal sense of the law which controls. The intention comes from a general view of the whole expression rather than from the literal sense of the particular terms.” Loboda v. Township of Clark, 40 N.J. 424, 435, 193 A.2d 97 (1963).
Plaintiffs have not cited any legislative history or other evidence of legislative intent that would persuade this court that the reference in Article 8 to the STUPL is for the purpose of providing refunds from overpaid local parking taxes. “A Court’s role in statutory interpretation is to determine and effectuate the Legislature’s intent.” Ryan v. Renny, 203 N.J. 37, 54, 999 A.2d 427 (2010); Square Parking Sys., supra, 185 N.J.Super. at 471, 449 A.2d 559 (citing Public Service Elec. & Gas Co., supra).
Regarding the LTAA, the court first notes that the Legislature specifically provided a refund in the Employee Payroll Tax and specifically did not provide a refund in the Alcoholic Beverages *573 Tax or the Parking Tax. Since all of these enabling statutes were constructed and enacted at the same time, the court rejects the notion that the Legislature inadvertently omitted refund language or in the case of the Employee Payroll Tax, added extra language to accomplish its intent.
Furthermore, the general provision section of the LTAA referring to STUPL does not in and of itself provide the right to a refund, but rather provides a procedural mechanism for the filing of an appeal. This perspective was shared by Judge Small in his decision in Everest Reinsurance Co. v. Newark Div. of Tax Abatement & Special Taxes, 18 N.J.Tax 50 (Tax 1998) in which he opined that the LTAA provision referring to the STUPL:
Adopts the appeal procedures to the Tax Court of the STUPL, but does not adopt other provisions of that state tax statute. The appeal procedures of the STUPL relating to taxes other than the local property tax are found in N.J.S.A. 54:51A-13 to 23 (Title 54, “Taxation,” Subtitle 9, “State Tax Uniform Procedure Law,” chapter 51A, “Appeals to the Tax Court,” Article 2 “Appeals to the Tax Court in All Other [than Real Property Tax] Cases”). The provision of the STUPL dealing with interest on refunds, which was added to the statute by the Taxpayer’ Bill of Rights, L. 1992, c. 175, § 7, and enacted after N.J.S.A. 40:48C-38, is found in N.J.S.A. 54:49-15.1, which is found in Title 54, Subtitle 9, chapter 49, “Procedure.” Chapter 49 does not apply to appeals to the Tax Court. Tax Court appeal procedures are found in Chapter 51A. Accordingly, N.J.SA 54:49-15.1 is not applicable to the Newark payroll tax.
[Id. at 59.]
The Court also relies upon the language used by the Legislature in another STUPL statute as indicative of legislative intent. The STUPL includes N.J.S.A. 54:49-12.8 which defines “refund” as meaning “an amount described as a refund of tax under the provisions of the State tax law that has authorized its payment.”
Additionally, the Legislature could have adopted the same comprehensive language it used in other tax statutes which read as follows: “The tax imposed by this section shall be governed in all respects by the provisions of the State Tax Uniform Procedure Law, R.S. 54:48-1 et seq., except only to the extent that a specific provision of this section may be in conflict therewith. See N.J.S.A. 58:12A-21(2)(g) and N.J.S.A. 5:12-152.”
*574 Having determined that there is no statutory language entitling the plaintiffs to a refund, the court now must consider the applicability of the Volunteer Rule.
D. The Volunteer Rule
Our courts have adopted the Volunteer Rule regarding tax refund claims. The Appellate Division in Squires Gate, Inc. v. County of Monmouth, stated: “where a party without mistake of fact, or fraud, duress or extortion, voluntarily pays money on a demand which is not enforcible [sic] against him, he cannot recover it back.” 247 N.J.Super. 1, 10, 588 A.2d 824 (App.Div. 1991) (quoting City of Camden v. Green, 54 N.J.L. 591, 593, 25 A. 357 (E. & A.1892)); see also Continental Trailways v. Dir., Division of Motor Vehicles, 102 N.J. 526, 509 A.2d 769 (1986), cert. denied, 481 U.S. 1001, 107 S.Ct. 1636, 95 L.Ed.2d 195 (1987).
In Continental, the Supreme Court refused to provide a refund of a tax paid under a mistake of law, even where the law was held unconstitutional. The Supreme Court explained, in the absence of statutory authority, taxes voluntarily, although erroneously, paid ... cannot be refunded. Id. at 548, 509 A.2d 769. The Court found recovery is inappropriate where a party, without mistake of fact, fraud, duress, or extortion, voluntarily pays money on a demand that is not enforceable against him. Ibid.
The Court determined that the public policy underlying the Volunteer Rule discourages suits for the refund of taxes erroneously paid or illegally collected. Ibid. The reason is because government budgets are prepared on an annual cash basis and governments should be able to rely on the presumptive validity of statutes in planning the government budget. Lavin v. Bd. of Educ., 90 N.J. 145, 154, 447 A.2d 516 (1982).
The reason for the Volunteer Rule was articulated more than a century earlier in Riker v. City of Jersey City, 38 N.J.L. 225, 226 (1876), wherein Chief Justice Beasley explained:
When money is demanded as a legal right, and it is paid without compulsion, and with a full comprehension of the facts, the money so paid cannot be reclaimed by a suit at law. The reason of this rule is, that the party paying had an opportunity to *575 dispute the claim, and that having waived it at his own volition, it is impolitic to permit him to overhaul the transaction by an aggressive action.
The tax at issue in Continental involved an autobus excise tax, which was payable to the Director of the Division of Motor Vehicles. The tax statute did not contain any language regarding a refund.[7] The taxpayer contended that the provisions of the STUPL[8] applied and therefore validated its refund claim.[9]
The Supreme Court rejected this argument and noted that the State Tax Procedure Law defines State tax as any tax which is payable to or collectible by the state tax commissioner, and state tax law means any tax which levies or imposes a state tax as herein defined. Continental, 102 N.J. at 546, 509 A.2d 769 (quoting N.J.S.A. 54:48-2). Based upon those statutory definitions, the Supreme Court held that the State Tax Uniform Procedure Act was not applicable to Continentals claim because the bus-excise tax is not payable to or collectible by the state tax commissioner but rather payable to the Director of the Division of Motor Vehicles. Ibid.
The Supreme Court also declined to infer a refund provision where one was not expressly stated in the statute and specifically made note of other tax statutes that contained refund provisions. As indicated in footnote 17 of Justice Garibaldis opinion, if the Legislature intended to provide refunds for excise taxes paid under N.J.S.A. 48:4-20, it could have done so. Id. at 548, 509 A.2d 769.[10]
*576 It is further evident from Justice Stein’s dissent in Continental that the Supreme Court majority in invoking the Volunteer Rule dismissed the taxpayer’s claim that refunds for overpayment of taxes were authorized by the STUPL.[11] The Court’s decision is clear that the STUPL only applies to a tax “which is payable to or collectible by the state tax commissioner.” N.J.S.A. 54:48-2.
Plaintiffs correctly point out that the LTAA statutory scheme is different from the excise tax statute at issue in Continental. This court acknowledges the difference in the statutory scheme but does not find it to be a distinguishing factor in determining Plaintiffs’ claim for a refund of overpaid taxes. This court finds that the provisions of Article 8 that refer to the STUPL are there to create a procedure for appeal rather than to provide a refund. Article 8 only allows an aggrieved taxpayer to appeal any decision, order, finding, assessment, or action of the chief fiscal officer of any municipality adopting an ordinance under the LTAA
Applying the legal precedent articulated in Continental in conjunction with the statutory language of the LTAA, this court finds that Plaintiffs’ overpayments of the City’s municipal parking tax were a mistake of law and not due to a mistake of fact, fraud, duress, or extortion and therefore are not entitled to a refund. Plaintiffs were fully aware that fees collected from residential users were exempt from the parking tax as demonstrated by the fact that the tax was never collected from the residential parkers. Upon receipt of parking taxes, the City has the right to rely upon the written certification of the taxpayer and the right to assume *577 that the payment remitted is accurate and in conformance with the City ordinance.
Unfortunately, Propark, who calculated and remitted the tax to the City, made an error of law to Plaintiffs’ detriment. In such situations, the law requires that the fallible taxpayer bear the burden and consequence of the mistake, not the municipality. “Accordingly, in the absence of statutory authority, taxes voluntarily, although erroneously, paid ... cannot be refunded.” Continental, 102 N.J. at 548, 509 A.2d 769 (citing Berry v. Daigle, 322 A.2d 320 (Me.1974), 72 Am.Jur.2d State and Local Taxation Section 1074, 1087 (1974)).
III. CONCLUSION
The court finds that the Legislature enacted the municipal parking tax statute without a procedure for the refund of overpaid taxes. Absent legislative history or a statement indicating the statutory intent to include a refund provision, the court will not infer one. The Court is satisfied that, in enacting the municipal parking tax statute, the Legislature intended to prohibit refunds of overpaid parking taxes and consequently finds that the mandate of the Volunteer Rule is applicable.

 The Legislature adopted the Parking Tax by Public Laws of 1970 Chapter 326, Section 7 effective December 23, 1970, and amended the Parking Tax Law by Public Laws of 2007 Chapter 296, Subsection 2, effective January 13, 2008.

 Although individual parkers are paying the fifteen percent tax, N.J.S.A. 40:48C-7 provides that all taxes imposed by a municipal parking ordinance "shall be collected on behalf of the municipality by the person (hereinafter sometimes referred to as "taxpayer”) providing parking services to the customer.”

 The fifteen percent tax was not charged to or collected from residential parkers.

 The legislative reference to a "private one-or-two family dwelling" has been held to be read as a minimum. In Square Parking Systems, Inc. v. Jersey City Business Adm'r, 185 N.J.Super. 468, 473, 449 A.2d 559 (1982), aff'd, 190 N.J.Super. 102, 462 A.2d 177 (App.Div.), certif. denied, 94 N.J. 591, 468 A.2d 228 (1983), the court explained:
In providing municipalities with authority to raise revenue by means of a parking tax fee the Legislature clearly designed the statute so that such a tax would not fall upon homeowners or residential tenants. A sensible reading of the statute, together with a recognition of the salient purposes for which it was promulgated,. leads to the conclusion that the objects of this revenue raising act were public parking or commercial lots. Moreover, the Legislature could have declared one-or two-family dwellings the only permissible exemptions from the tax, but instead it chose to resort to language which frames a minimum guideline in granting exemptions.

 Although originally included in the LTAA at the time of its enactment, the Motor Fuels Tax (Article 4), the Occupancy Tax (Article 6), and the Sales Tax (Article 7) were repealed in 1981.

 In ruling on a Payroll Tax Ordinance passed by the City of Jersey City, the Appellate Division determined that the ordinance was deficient in that it did not provide a procedure for refunds as required by the statute. See Hudson Cnty Chamber of Commerce v. City of Jersey City, 310 N.J.Super. 208, 708 A.2d 699 (App.Div.1997), affirmed by, modified by, 153 N.J. 254, 708 A.2d 690 (1998). That decision emphasized the importance of the legislative mandate as specifically set forth in the enabling legislation.

 N.J.S.A. 48:4-20.

 N.J.S.A. 54:48-1 to 52-4.

 The purpose of the STUPL is to provide a feasible uniform procedure to be followed by taxpayers in relation to any state taxes and to afford uniform remedies and procedures which may be resorted to by the state in the collection of any of its taxes. N.J.S.A. 54:48-3.

 Footnote 17 of Continental references the fact that a related tax pursuant to N.J.S.A. 54:39A-19 specifically provides for refunds for motor fuels-use tax administered by the Division of Motor Vehicles.

 In his dissent, Justice Stein wrote:
The State Tax Uniform Procedure Law would appear to settle the matter of Continental’s claim for a refund with respect to both the tax mistakenly paid and the tax on interstate passenger transport which the Court holds to be unconstitutional. However, the majority points out that the State Tax Uniform Procedure Law only applies to a tax ‘which is payable to or collectible by the state tax commissioner,' N.J.S.A. 54:48-2, whose duties were subsequently transferred to the Director [45] of the Division of Taxation. N.J.S.A. 52:27B-48. The majority concludes that since the taxes in question are payable to the Director of the Division of Motor Vehicles rather than to the Director of the Division of Taxation, the State Tax Uniform Procedure Law and its refund provisions are inapplicable.