PIZZUTO, J.T.C.
Plaintiff taxpayers contest a final determination of the Director of the Division of Taxation (hereinafter “the Director”), imposing interest and penalty charges on late payment of their 1987 gross income tax. They claim that they are entitled to abatement of all, or at least a portion, of the penalties imposed and of the amount of *512 interest in excess of 3% over the prime rate. They base this contention on the full payment of all tax due within four months of the April 15, 1988 reporting date and an ineffective attempt to obtain an extension of time to the date of actual payment. The material faets have been stipulated by the parties, and the matter has been submitted for decision on written argument pursuant to R. 8:8—1(b).
Taxpayers’ 1987 gross income tax return was filed on August 15, 1988. They reported taxable income of $2,176,573, including capital gains of $2,106,120 from disposition of real property in 1987, and a gross income tax obligation of $75,580. On April 15, 1988, an application had been made to the Internal Revenue Service for an extension of time to file plaintiffs’ 1987 federal income tax return to August 15, 1988. Together with the application, payment of $500,000 was made on account of their federal income tax liability for that year. Also on April 15, 1988, plaintiffs’ accountant filed a request (Form NJ-630) for an extension of time to file their 1987 New Jersey return to August 15, 1988, but did not make any New Jersey tax payment at the time the State request was filed. The full amount of the State tax was paid only when the return itself was filed at the end of the four-month extension period requested. No portion of it had previously been paid.
After the filing, the Director disallowed the extension request because of the failure to satisfy the condition that 80% of the tax due be paid as of the April 15 original filing date. Accordingly, the Director issued a notice of adjustment in January 1989 which imposed a late filing penalty of 20% of the tax ($15,116) and a late payment penalty of 5% of the tax ($3,779) and assessed interest against the taxpayers at 5% over the prime rate. In February 1989, plaintiffs’ accountant transmitted a payment of $2,274.08 and requested abatement of the remainder of the penalties and interest. After administrative review, the Director denied the abatement request and made a final assessment (reflecting the partial payment) on June 12, 1990. The total amount of the final assessment was $29,991.91, inclusive of interest through June 15, 1990.
*513 The Director assessed interest on the obligation pursuant to N.J.SA 54:49-3, which provides:
Any taxpayer who shall fail to pay any State tax on or before the day when the same shall be required by law to be paid shall pay in addition to the tax, unless otherwise provided in the law imposing such tax, interest and penalty, if any, on said tax at the rate of five percentage points above the prime rate, to be compounded daily upon the amount that remains unpaid, to be calculated from the date the tax was originally due until the date of actual payment. In addition thereto, if the [D]irector is empowered by the law imposing such tax to grant an extension of time in which the tax shall be paid, the taxpayer shall be liable for the payment of interest on the unpaid tax at the rate of three percentage points above the prime rate, to be compounded daily from the date that such tax was originally due to the date of actual payment; provided that if such unpaid tax is not paid within the time fixed under the extension, the interest on such unpaid tax shall be computed at the rate of five percentage points above the prime rate, to be compounded daily from the date the tax was originally due to the date of actual payment.
Separate penalties for late payment and late filing were imposed, pursuant to N.J.S.A 54:49-4, which provided, at the time the return was filed:
In addition thereto any taxpayer failing to file a return with the [DJirector within the time prescribed under the act imposing such tax shall be liable to a late filing penalty of $100.00 for each month or fraction thereof that such return is delinquent, plus a penalty of 5% per month or fraction thereof of the total tax liability not to exceed 25% of such tax liability. If any tax be not paid within the time prescribed under the act imposing such tax, there shall be added to the amount of the tax a sum equivalent to 5% thereof, as a penalty.
Both of these provisions are included in the State Tax Uniform Procedure Law (N.J.SA 54:48-1 through 54:53-15), and are expressly made applicable to gross income tax filings by the Gross Income Tax Act. N.J.SA 54A:9-5(a), -6(a).
The penalty and interest charges imposed under these statutes are specifically subject to abatement by the Director under N.J.SA 54:49-11, which provided at the time of the filing:
[T]he [D]irector may remit or waive the payment of any part of any penalty and may remit or waive the payment of any interest charge in excess of the rate of three percentage points above the prime rate compounded daily.
All statutory language quoted above reflects the version of the statutes in effect on the date of filing (i.e., August 15, 1988). At that time, amendments included in L.1987 c. 76 had taken effect. This legislation allowed a limited period of “tax amnesty” (ending December 8, 1987) during which tax delinquencies could be satis *514 fied at 9% interest and without penalty. The amnesty law also comprehensively revised collection and enforcement provisions to encourage taxpayer compliance after the amnesty period. After the amnesty amendments, interest on delinquent taxes accrued at an annual rate of 5% over prime, subject to abatement to 3% over prime in place of a fixed rate of 18%, subject to abatement to 9%. Calculation of late filing and late payment penalties was not materially changed by the 1987 amendments. N.J.S.A 54:49-4 and -11 have subsequently been further amended by L.1992, c. 175 (the “Taxpayers’ Bill of Rights”), effective July 1, 1993.
The regulation governing extension of time to file New Jersey gross income tax returns is set forth in N.JAC. 18:35-1.18. This regulation allows an automatic four-month extension for taxpayers who obtain a four-month extension to file their federal returns. Where no federal extension is obtained or where an extension of more than four months is requested, Form NJ-630 must be filed to obtain a State extension. In any case, the extension is made subject to the requirements of subsection (e), which provides:
At least 80 percent of the taxpayer’s tax liability as shown on the final return must be paid, either in the form of withholdings or estimated payments, on or before the original due date of the New Jersey tax return. Where a taxpayer has failed to pay at least 80 percent of the actual New Jersey tax liability, the extension will be deemed to be invalid and the taxpayer will be subject to late filing and late payment penalties as described in subsections (f) and (g) below as if no extension has been granted.
Amendments to N.JAC. 18:35-1.18, adopted after the filing date, substantially expanded subsections (f) and (g) of the regulation to conform to the 1987 changes in N.J.S.A 54:49-3 and -4 and added an example of the calculation of interest, late filing penalty and late payment penalty. The regulation, however, has always clearly specified that payment of 80% of final tax liability is an express condition of the allowance of an extension. The form actually filed for plaintiffs on April 15, 1988, moreover, states this condition with equal clarity. There is therefore no merit in plaintiffs’ contention that the Director’s determination to deny abatement of penalty and interest should be set aside by the Tax Court.
*515 The jurisdiction of the Tax Court to examine the Director’s exercise of authority to abate penalty and interest under N.J.S.A. 54:49-11 was first recognized in Media Graphics Inc. v. Director, 7 N.J.Tax 23 (1984), aff'd, 8 N.J.Tax 321 (App.Div.1986). The standard there articulated is that the Director’s determination is to be respected, unless it is manifestly arbitrary or unreasonable. Media Graphics allowed abatement where the taxpayer was found to have reasonably relied on a statement contained in the Division of Taxation’s own publication that the court found to be misleading with respect to the subject transactions. In Goffredo v. Director, 9 N.J.Tax 135 (1987), abatement was allowed where taxpayers “firmly and genuinely believed they were not New Jersey residents for New Jersey income tax purposes” during the tax period in question. Id. at 151.
This case does not fall within the pattern of either Media Graphics or Goffredo. The Division of Taxation did not mislead these taxpayers and they have not otherwise established a reasonable basis for their accountant’s presumed belief that an extension could be obtained when no part of the 1987 tax obligation had been paid. As described above, the regulation was clearly worded and the 80% payment requirement was recited on the face of the extension request form.
The discussion of the time extension procedures in the privately published tax service cited by plaintiffs cannot reasonably be taken to support a belief that 80% payment is ever not a requirement for an extension. The publication is silent on the question when it discusses the allowance, without a separate State application, of a four-month extension to taxpayers who have been granted an extension to file federal income tax returns. It is exact in specifying the 80% requirement when Form NJ-630 is filed. This information could not reasonably lead an experienced accountant to conclude that 80% payment is not required when a federal extension has been obtained, but only when a New Jersey extension is requested without a federal counterpart. There is simply no conceivable reason for this distinction, which would vitiate the 80% requirement in many, if not most, instances. A *516 federal extension eliminates the need for a separate New Jersey extension request. It does not dispense with the 80% payment requirement.
The Director is not required to establish bad faith on the taxpayers’ part to sustain the denial of an abatement request. Rather, the taxpayers must show a reasonable basis for their accountant’s mistaken interpretation of the 80% payment requirement. This is not a case in which taxpayers in good faith underestimated their liability. They failed entirely to make an estimate and paid no portion of the tax until August. The Director was required to disallow the extension request, and determined to assess penalty and interest without abatement. The Director’s decision not to abate the entire amount of the penalties and interest in excess of 3% was not manifestly unreasonable.
It is, moreover, not appropriate to substitute a judicial determination of partial abatement. Plaintiffs suggest that the Director’s denial of any abatement resulted from more stringent enforcement of tax collection after the conclusion of the tax amnesty period provided by L.1987, c. 76, and they ask the court to take that factor into account. It does not appear necessary or appropriate to do so. Whatever the practices of the Division of Taxation, before or after the amnesty period, the only question presented in abatement cases is whether total denial of abatement is manifestly unreasonable.
Allowance of partial abatements by the Tax Court is not consistent with the reasoning of Media Graphics and Goffredo, which deal with questions of kind, rather than those of degree. The Legislature has prescribed the maximum applicable penalty and interest as a limit on the Director’s discretion. Where it is not unreasonable to impose some penalty, the extent of the penalty imposed is appropriately left for administrative, rather than judicial determination. Cf. In re Polk, 90 N. J. 550, 577-80, 449 A.2d 7 (1982). Judicial discretion, exercised in isolated cases, *517 should not be substituted for administrative discretion, applied in light of the practical difficulties of tax collection.
Plaintiffs specifically acknowledge the mathematical accuracy of the penalty and interest calculations and their consistency with the Director’s interpretation of the statutes. They do, however, make an alternative argument based upon the specific language of the penalty and interest statutes. They note that N.J.S.A. 54:49-3 imposes the obligation to pay “in addition to the tax, unless otherwise provided in the law imposing such tax, interest and penalty, if any, on said tax at the [specified] rate.” The argument essentially is that the inclusion of the reference to a penalty in this clause indicates a legislative intention that the amount calculated under the statute is to be the maximum total assessable as penalty and interest combined.
The reference to penalty was added to the statute only in 1987. Both before and after this amendment, N.J.S.A 54:49-3 has operated to establish a rate of interest, while penalties for late filing and payment are independently fixed by N.J.S.A 54:49-4. There is no suggestion that in modifying the rate of interest, the 1987 amendment thereby repealed the penalty statute. Although the placement of the phrase “and penalty, if any” is awkward, the readily ascertainable meaning of the section is that interest is imposed at the specified rate in addition to tax and any applicable penalty, unless the statute imposing the tax provides a different rate. The penalties actually applicable are to be found, separate from the interest provision, either in the tax statute itself or in N.J.S.A. 54:49-4. The Gross Income Tax Act specifically refers to the provisions of the State Tax Uniform Procedure Law for computation of interest and penalties for late payment and filing. N.J.S.A. 54A:9-5(a), -6(a). There is no question, then, that N.J.S.A. 54:49-3 and -4 independently operate to impose interest and penalties, respectively.
The suggestion in plaintiffs’ brief that the Director has improperly assessed interest on penalty charges is also mistaken. The Gross Income Tax Act expressly provided for accrual of interest on penalty charges in N.J.S.A 54A:9-5(g). While this *518 section has been repealed, effective July 1, 1993, the repealer has no bearing on the assessment at issue here.
One final point requires attention. The Director has argued that plaintiffs’ complaint should be dismissed as untimely because it was signed by their accountant rather than by the parties or an attorney-at-law. Specifically, the Director points to the requirement that State tax appeals be filed within 90 days of the action sought to be reviewed. N.J.S.A 54:51A-14. The Director further notes the statutory requirement that the form of the complaint shall be as prescribed by Rules of Court. N.J.S.A 54:51A-18. Finally, R. 8:3-3 requires that a pleading be signed either by the attorney of record or by a party who proceeds pro se. Absence of the required signature, the Director submits, renders the filing untimely and deprives the court of jurisdiction. Since the complaint is found to lack substantive merit, this defense can, at most, provide an alternative ground of dismissal. The Director’s argument in support of this ground is, however, unpersuasive.
Limitation periods, generally speaking, constitute matter for an affirmative defense that must be pleaded to be recognized. R. 4:5-4; Zaccardi v. Becker, 88 N.J. 245, 256, 440 A.2d 1329 (1982). In State tax actions an answer is required by R. 8:3-2, and the Director’s answer in this action pleaded no affirmative defense. The real question, however, is neither the jurisdictional aspect of the time requirement for filing a tax appeal nor how the issue may be raised. The question goes to the formal sufficiency of the complaint, acknowledged to have been filed within 90 days of the Director’s final decision, to satisfy the requirement.
The Tax Court of New Jersey is in all respects a judicial tribunal, and parties who do not appear pro se may be represented in this court only by admitted attorneys. The law firm which has appeared for plaintiffs has come into the action by virtue of the submission of a power of attorney, signed by plaintiffs, specifically applicable to Internal Revenue Service proceedings (Form 2848). The accountant who signed the complaint was designated as plaintiffs’ attomey-in-fact in dealings with the Division of Taxa *519 tion, prior to the Division’s final administrative decision, by a similar form specifically applicable only to the administrative proceedings.
In these circumstances, it is appropriate to recognize plaintiffs’ attorneys as counsel of record and to consider the complaint as satisfying the time requirement of N.J.S.A 54:51A-14. This conclusion is supported by clear precedent that defectively executed pleadings operate to toll applicable limitation statutes. White v. Katz, 261 N.J.Super. 672, 619 A.2d 683 (App.Div.1993); Eastern Airlines, Inc. v. Phoenix Savings and Loan Assn., 239 Md. 195, 210 A.2d 515 (1965). In addition, to the extent necessary, R. 1:1-2 can be applied to relax requirements concerning the formal execution of pleadings. Cf. Preparatory Temple v. Seery, 81 N.J.Super. 429, 195 A.2d 900 (Ch.Div.1963).
Accordingly, judgment shall be entered dismissing the complaint.