THE MAYOR AND COUNCIL OF THE CITY OF HOBOKEN, PROSECUTOR-APPELLANT, v. J. H. THAYER MARTIN, STATE TAX COMMISSIONER, ET AL., DEFENDANTS-RESPONDENTS.

No. 62

THE CITY OF CAMDEN, PROSECUTOR-APPELLANT, v. STATE BOARD OF TAX APPEALS, J. H. THAYER MARTIN, STATE TAX COMMISSIONER, ET AL., DEFENDANTS-RESPONDENTS.

Nos. 69 to 71

CITY OF JERSEY CITY, PROSECUTOR-APPELLANT, v. J. H. THAYER MARTIN, STATE TAX COMMISSIONER, ET AL., DEFENDANTS-RESPONDENTS.

Argued May 18 and 22, 1939—Decided November 29, 1939.

For the appellant in Nos. 43 to 47, *Edward P. Stout.*

For the respondents in Nos. 43 to 47, *David T. Wilentz,* attorney-general, for State Tax Commissioner, and *Herbert J. Hannoch,* for town of Westfield and other defendant-respondent municipalities.

For the appellant in No. 62, *Firmin Michel.*

For the respondents in No. 62, *David T. Wilentz,* attorney-general, for State Tax Commissioner and State Board of Tax Appeals.

For Audubon borough, Bellmawr borough, Haddonfield borough, Mount Ephraim borough, Haddon Heights borough, Oaklyn borough, Haddon township and Pennsauken township, *Herbert J. Hannoch.*

For Runnemede borough, *S. Lewis Davis.*

For Voorhees township, *George D. Rothermel.*

For Barrington borough, *Vincent DeP. Costello.*

For Delaware township, *Gene R. Mariano.*

For the appellant in Nos. 69, 70, 71: *James A. Hamill* (*Edward P. Stout,* of counsel).

For the respondents in Nos. 69, 70, 71, *David T. Wilentz,* attorney-general, for State Tax Commissioner.

For the town of Westfield and other municipalities, *Herbert J. Hannoch.*

The opinion of the court was delivered by

CAMPBELL, CHANCELLOR. All of these causes are appeals from judgments of the Supreme Court, on *certiorari,* reviewing the distribution of gross receipt taxes under chapters 7 and 8, *Pamph. L.* 1938.

In causes 43 to 47 and 69 to 71, the judgments were that the action of the State Tax Commissioner be affirmed and that the writs be dismissed.

In cause 62 of the situation was different from the other causes in this respect; that the city of Camden had appealed

from the action of the State Tax Commissioner to the State Board of Tax Appeals, which heard the cause and rendered judgment "that the valuations for the apportionment of excise tax, fixed by the State Tax Commissioner on property of the New Jersey Water Company for the year 1938 be affirmed, and that the appeal of the city of Camden be dismissed."

A writ of *certiorari* was then issued directed to the State Board of Tax Appeals, the State Tax Commissioner, and others. The judgment of the Supreme Court is "that the judgment of the State Board of Tax Appeals be and the same is hereby in all things affirmed and that the writ of *certiorari* heretofore allowed herein be dismissed * * *."

All of the causes can be treated together inasmuch as the constitutionality of chapters 7 and 8 of the laws of 1938 is raised in all.

The fact that we find, as we do, that such statutes are in part unconstitutional, makes it unnecessary to consider any other grounds of appeal raised and urged in the several causes.

We reach the conclusion stated because we can find in the legislative enactments no basic plan or standard to guide or control the State Tax Commissioner in fixing or ascertaining the "unit of measure" for the apportionment of the taxes.

The legislature says "the State Tax Commissioner shall annually * * * establish a valuation as herein defined * * *."

Value or valuation as defined by section 1, subdivision C, says the "valuation" "means a value or valuation fixed at a figure *determined by the State Tax Commissioner* for the purpose of providing a unit of measure for a fair and equitable apportionment of the excise taxes imposed by this act to the end that the apportionment of the [excise] taxes imposed by this act shall be fairly and equitably apportioned upon a uniform basis among the municipalities entitled thereto."

The statutes further provide "For the purpose of securing a fair and equitable apportionment * * * upon a uniform

basis among the several municipalities, the State Tax Commissioner shall annually \* \* \* establish a valuation as herein defined \* \* \* of each taxpayer \* \* \*."

Dissatisfaction with previous methods is clearly declared by the statutes under review, as well as is the legislative desire to secure some "unit of measure for a fair and equitable apportionment."

It is not open to debate that present day complexities and intricacies make it impossible for the legislature itself to lay down and fix in detail such measure of distribution; it has determined that there should be a unit of measure that by its application will result in a fair and equitable apportionment. This is as it should be. *Schecter* v. *United States, 295 U. S.* 495, 529, 530; 79 *L. Ed.* 1570; 55 *S. C.* 837. The legislature also determined as its policy that such unit measure should produce a fair and equitable apportionment. This is also as it should be. But it has given to its administrative officer, the State Tax Commissioner, no standard, plan or rule, to and within which he shall work in determining the value to produce that unit of measure. It is the commissioner's judgment that fixed the value resulting in the unit of measure that in his estimation will produce a fair and equitable apportionment.

True, the legislature may apportion and distribute this tax as it may see fit and determine, and, of course, that includes the fixing of a unit measure, but that must be upon a legislatively fixed and expressed plan or standard or measure of value.

The Tax Commissioner may then very properly be assigned the duty of fixing and determining such unit of measure by ascertaining the facts and applying them to such standard.

The principle was early pronounced (1874) in an exhaustive opinion in the Supreme Court by Chief Justice Beasley, in *Gaines* v. *The Hudson County Avenue Assessors, 37 N. J. L.* 12. This finding has not been overruled but, on the contrary, has in principle been affirmed by this court in *Del Mar* v. *Bergen,.* 117 *Id.* 337, 386; *State Board of Milk Control* v. *Newark Milk Co.,* 118 *N. J. Eq.* 504, 520; *Cf. West*

*Orange* v. *State Board,* 115 *N. J. L.* 396; *affirmed,* 116 *Id.* 414. See, also, *Panama Refining Co.* v. *Ryan,* 293 *U. S.* 388, 421; 79 *L. Ed.* 446; 55 *Sup. Ct. Rep.* 241; *Schecter* v. *United States, supra; Iowa Life Insurance Co.* v. *Eastern Mutual Life Insurance Co.,* 64 *N. J. L.* 340, 347.

In the opinion in the Gaines case, *supra,* the learned author thereof took occasion to say: "If the legislature of this state should ordain that a tax of a certain amount should be levied, to be distributed among the counties of the state in such proportion as the treasurer, in his discretion should direct, it would not probably be denied by anyone that such an act would be entirely inoperative." This is exactly the vice that is starkly revealed by a critical examination of the statutes in question. It permits an administrative officer to fix the unit of measure and provides that he shall fairly and equitably apportion the excise taxes. The statutes under consideration reveal nothing approaching a legislatively fixed or pronounced standard of admeasurement of value to aid the Tax Commissioner in reaching a unit of measure or equitably apportioning the taxes collected.

We conclude, therefore, that so much of the legislation under review as purports to provide for the distribution of these excise taxes is constitutionally defective for the reasons herein stated. The judgments under review will be reversed.

*For affirmance*—PARKER, BODINE, HETFIELD, WELLS, JJ. 4.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, HEHER, PERSKIE, DEAR, WOLFSKEIL, RAFFERTY, HAGUE, JJ. 8.