NOT FOR PUBLICATION WITHOUT APPROVAL OF
THE TAX COURT COMMITTEE ON OPINIONS

## TAX COURT OF NEW JERSEY



**JOSEPH M. ANDRESINI, P.J.T.C.**
PRESIDING JUDGE

125 State Street, Suite 100
Hackensack, NJ 07601
Tel: (609)815-2922 ex. 54570
Fax: (201)996-8052

August 14, 2018

Morton R. Covitz, Esq.
645 Westwood Avenue, Suite 200
River Vale, NJ 07675

Allen M. Bell, Esq.
Jacobs and Bell P.A.
19 Engle Street
Tenafly, NJ 07670

> Re:     Chabad of Old Tappan, Inc. v. Borough of Old Tappan
> Docket No. 012869-2017
> Block 603; Lot 19

Dear Counsel:

This letter constitutes the court's opinion following trial on Plaintiff's, Chabad of Old Tappan, complaint appealing the denial of a religious parsonage exemption by the Bergen County Tax Board for 140 Old Tappan Road, Old Tappan, New Jersey. On June 29, 2018, the Tax Court held a trial, during which Rabbi Lewis testified as to Chabad's operations. Plaintiff argues that Chabad is a religious corporation and the resident of the subject property is its officiating clergyman, which allows Chabad to claim a parsonage exemption from property tax under N.J.S.A. 54:4-3.6. Defendant, Borough of Old Tappan, argues that Chabad does not operate a house of worship but is, instead, a fraternal outreach organization, and that there is no congregation to

1

*

officiate over. For the reasons set forth below, the court finds that the subject property is entitled to a parsonage exemption under N.J.S.A. 54:4-3.6.

## Facts Adduced at Trial

The subject property is a single family residential dwelling located at 140 Old Tappan Road, Old Tappan, New Jersey, also known and designated as Block 603, Lot 19, as shown on the tax map of the Borough of Old Tappan. The premises serve as the personal residence of Rabbi Menachen M. Lewis and his family ("Rabbi Lewis"). The property is owned by Plaintiff, Chabad of Old Tappan ("Chabad"), which is a non-profit organization operated exclusively for religious, charitable, and educational purposes. Rabbi Lewis is the appointed Rabbi and president of Chabad. Chabad manages Jewish prayer and community services in its leased space in a mixed-use commercial building at 183 Old Tappan Road, Suite 6, Old Tappan, New Jersey, also known and designated as Block 102, Lot 1. The Chabad-Lubavitch Jewish movement refers to these locations as "Chabad houses," partially because the services provided therein are less formal than those at synagogues.

In January 2009, Rabbi Lewis signed a lease for the commercial property at 183 Old Tappan Road on behalf of Chabad and applied for an occupancy permit from the Old Tappan Zoning Officer. The Zoning Officer denied the permit because the mixed-use commercial zone the premises was located in did not allow for a house of worship. On April 1, 2009, Rabbi Lewis appeared at a hearing before the Old Tappan Planning Board to appeal the denial. On April 15, 2009, the Old Tappan Planning Board granted the permit and found that Chabad was not planning to operate a regularly-scheduled house of worship with formal events, but was planning to operate an office with a small weekly prayer group.

2

On August 16, 2016, Plaintiff purchased the subject property at 140 Old Tappan Road. On October 21, 2016, Plaintiff filed an Initial Statement of Organization Claiming Tax Exemption with the Tax Assessor for Old Tappan to secure a parsonage exemption on the subject property for the 2017 property tax year. On January 10, 2017, the Tax Assessor denied the application and stated that a separate house of worship is required to qualify for a parsonage exemption. The Tax Assessor determined that Chabad's operations at 183 Old Tappan Road do not qualify as a house of worship because the mixed-use commercial building is not zoned to allow for a house of worship. On August 22, 2017, the Bergen County Tax Board denied Plaintiff's application for exemption. On September 6, 2017, Plaintiff appealed to the Tax Court, seeking a parsonage exemption for the subject property.

Rabbi Lewis claims that between thirty and forty people attend Chabad's weekly prayer services on the Sabbath, fifty to sixty people attend their dinners, and up to 300 people attend events in separate rented spaces during the Jewish High Holidays. Rabbi Lewis further testified that Chabad also offers youth and adult religious education, Hebrew classes, and one-on-one study. However, Rabbi Lewis claimed that he typically conducts bar mitzvahs and other formal events in locations other than Chabad's commercial property at 183 Old Tappan Road. Rabbi Lewis further testified that he did not recall what he said at the April 1, 2009 hearing before the Old Tappan Planning Board regarding Chabad's commercial property or whether he was under oath at the time. Patrick Wilkins, the Tax Assessor for Old Tappan, briefly testified as to the content of his letter to Plaintiff denying the parsonage exemption on January 10, 2017.

The subject property, Block 603, Lot 19, was assessed for the 2017 tax year as follows:

| | |
|---|---|
| Land: | $558,000 |
| Improvements: | $123,100 |

3

Total:                    $681,100

Plaintiff claims that N.J.S.A. 54:4-3.6 grants a parsonage exemption for any residential property owned by a religious corporation and actually occupied by its officiating clergyman regardless of whether the religious corporation owns a house of worship recognized as such by the Borough. Plaintiff claims that the subject property is entitled to a parsonage exemption because it is owned by Chabad, a religious corporation, and occupied by Rabbi Lewis, Chabad's officiating clergyperson. Plaintiff bases this conclusion on the claims that Rabbi Lewis oversees all Chabad operations, conducts group and one-on-one prayer and education, and coordinates religious events attended by up to 300 members of the Jewish faith.

Defendant counters that parsonage exemption must be denied because Rabbi Lewis is not Chabad's officiating clergyperson as there is neither a congregation nor a house of worship where he officiates.  Defendant calls into question the credibility of Rabbi Lewis's testimony about the extent of worship activity at 183 Old Tappan Road, because it is located in the B-1 Local Business District that does not allow houses of worship. Defendant claims that at the time Plaintiff leased the space, Old Tappan Planning Board established in a hearing, in which Rabbi Lewis testified, that the premises' proposed use was "fraternal outreach organization," not a house of worship, and that no use variance was sought thereafter. Defendant also states that Rabbi Lewis is not an officiating clergyperson because Chabad does not have a congregation over which he officiates since Chabad has no official membership, and Rabbi's duties do not rise to those of officiating clergyperson but are rather the duties of the head of a fraternal outreach organization.

<u>Legal Analysis and Conclusions of Law</u>

The New Jersey Constitution requires all real property to be assessed for taxation under general laws and by uniform rules.  N.J. Const. art. VIII, § I, para. 2.  Exclusion from taxation may

4

only be granted by a general law and the burden is on the applicant for exemption to demonstrate it meets the criteria. Twp. of Teaneck v. Lutheran Bible Inst., 20 N.J. 86, 90 (1955). N.J.S.A. 54:4-3.6 defines tax exempt property, and it allows, in pertinent part, exemption from taxation to:

> the buildings, not exceeding two, actually occupied as a parsonage by the officiating clergymen of any religious corporation of this State, together with the accessory buildings located on the same premises; the land whereon any of the buildings hereinbefore mentioned are erected, and which may be necessary for the fair enjoyment thereof, and which is devoted to the purposes above mentioned and to no other purpose and does not exceed five acres in extent; . . . provided, in case of all the foregoing, the buildings, or the lands on which they stand, or the associations, corporations or institutions using and occupying them as aforesaid, are not conducted for profit, . . . [th]e foregoing exemption shall apply only where the association, corporation or institution claiming the exemption owns the property in question and is incorporated or organized under the laws of this State and authorized to carry out the purposes on account of which the exemption is claimed…[1]
>
> [N.J.S.A. 54:4-3.6.]

If the statute's language is unambiguous, the court must read the statute to require elements only stated therein unless otherwise expressly indicated. Pub. Serv. Elec. & Gas Co. v. Twp. of Woodbridge, 73 N.J. 474, 478 (1977); Boys' Club of Clifton, Inc. v Twp. of Jefferson, 72 N.J. 389, 398 (1977). "[W]hile the construction of the applicable statute must be strict, it must also be reasonable." Phillipsburg Riverview Org., Inc. v. Town of Phillipsburg, 26 N.J. Tax 167, 175 (Tax 2011) (citing Int'l Sch. Serv., Inc. v. Twp. of West Windsor, 412 N.J. Super. 511, 524 (App. Div. 2010), aff'd, 207 N.J. 3 (2011)), aff'd, 27 N.J. Tax 188 (App. Div. ), certif. denied, 215 N.J. 486 (2013).

---

[1]The requirement for incorporation in the state of New Jersey was invalidated by the U.S. Supreme Court in WHYY, Inc. v. Glassboro, 393 U.S. 117 (1968).

The statute unambiguously requires five elements to qualify for a parsonage exemption: (1) the residence must be occupied as a parsonage by an officiating clergyman of a religious corporation; (2) the parcel of land must be necessary for the fair enjoyment of the premises, not used for purposes other than a parsonage, and cannot exceed five acres; (3) the religious corporation must not be conducted for profit, nor can the parsonage property be used for profit; (4) the religious corporation must own the property; and (5) the religious corporation must be authorized to carry out the purposes of a religious organization. There is no dispute that the subject property is occupied by Rabbi Lewis, who oversees and manages Chabad, and that Chabad, a nonprofit religious organization authorized to conduct religious services, owns the subject property.

The first inquiry is whether there is a congregation and whether Rabbi Lewis is its officiating clergyperson. The law defines a congregation as "an assemblage or union of persons in society to worship their God publicly in such manner as they deem most acceptable to Him, at some stated place and at regular intervals." St. Matthew's Lutheran Church for the Deaf v. Div. of Tax Appeals, 18 N.J. Super. 552, 558 (App. Div. 1952). Formalities, like official membership, are not a requirement for finding that a congregation exists, where there is evidence that an institution provides regular worship services at some location and trains people in tenets of faith. Mesivta Ohr Torah of Lakewood v. Twp. of Lakewood, 24 N.J. Tax 314, 330-31 (Tax 2008).

Rabbi Lewis testified about the organizational structure and operations of Chabad. Unlike traditional synagogues, Chabad does not have any explicit members or regular membership dues. Nevertheless, inside 183 Old Tappan Road, there is the Arc, and Scroll of Torah. At a minimum, Chabad has thirty regular visitors for its prayer groups. Chabad also oversees events with up to 300 Jewish visitors. Plaintiff's admitted evidence shows that Chabad collects income

predominantly through donations, event tickets, and Hebrew school fees. The court accepts Rabbi Lewis's testimony regarding Chabad's attendees as credible and finds that Chabad has a congregation of at least thirty people. According to Rabbi Lewis's testimony and Defendant's evidence, the purpose of a Chabad house is to provide an informal atmosphere through which the Jewish community may worship if they are unable or unwilling to participate in services at a traditional synagogue. While Chabad house is not a synagogue by name, it provides most of the regular services a traditional synagogue would be expected to host at set times and places, albeit not as frequently and formally as a synagogue. Chabad's congregants appear to deem these services the most acceptable manner to worship God. Although full-scale celebrations of bar mitzvahs are not customarily held at the Chabad house, a less formal and more intimate first Aliyah, a necessary ritual portion of the bar mitzvah, is routinely performed at the Chabad house. In the absence of any evidence that Chabad does not actually offer these services, the court accepts Rabbi Lewis's testimony regarding Chabad's services and finds that Chabad has a congregation that participates in scheduled assemblages for prayer service and community activities.

The officiating clergyman must serve as the leader of the congregation by holding a position of authority as a priest or minister of its religious services. Friends of Ahi Ezer Congregation, Inc. v. Long Branch City, 16 N.J. Tax 591, 595 (Tax 1997). Rabbi Lewis is Chabad's religious leader: he performs all duties customarily expected of a member of officiating clergy, such as officiating marriages and bar mitzvahs, and directing weekly worship service. Although Defendant attempts to discredit Rabbi Lewis's testimony regarding the nature and extent of the services he provides to Chabad by bringing up the resolution of the Planning Board hearing, which references Rabbi's testimony in that hearing, the court finds that the Plaintiff provided

7

sufficient credible bases to establish that Chabad is a congregation and Rabbi Lewis is its officiating clergyperson.

Defendant also claims that Rabbi Lewis cannot be officiating clergy because parsonage exemption is derivative of an exempt house of worship which 183 Old Tappan Road is not. Defendant relies on the following language in Borough of Chester v. World Challenge, Inc., 14 N.J. Tax 20, 27 (Tax 1994): "the parsonage exemption is therefore derived from the association of the parsonage with an exempt church. If there is no exempt church there can be no parsonage exemption." Defendant points out that based on Rabbi Lewis' testimony during the planning board hearing, the Chabad rental space is not used as house of worship, and since no use variance was sought, it continues to be used to do work of a fraternal outreach organization, for which no parsonage exemption should be allowed. However, the conclusion of the Old Tappan Planning Board that the leased property was not going to be used as a house of worship is irrelevant to the issue of property tax exemption under N.J.S.A. 54:4-3.6 because the statute does not contain a requirement that the exempt use complies with zoning ordinances.

In Society of the Holy Child Jesus v. City of Summit, 23 N.J. Tax 528 (Tax 2007), rev'd, 418 N.J. Super. 365 (App. Div. 2011), the Tax Court addressed whether a Catholic school's noncompliance with a local zoning ordinance could disqualify it from an exemption. There, an adjacent parcel owned by the school was used as a residence for nuns until 2000, when it was converted into a multi-purpose building for the school. Id. at 530. Although both uses qualified for an exemption under N.J.S.A. 54:4-3.6, in 2006, the taxing district claimed that the exemption should be denied because the property's use as a school building violated the zoning ordinance, which permitted only residential use. Society of the Holy Child Jesus, 23 N.J. Tax at 531. The Tax Court noted the similarities to disqualification from farmland taxation due to a zoning

violation and held that the property may not receive preferential tax treatment in the form of exemption if its use is in violation of local zoning ordinances. Id. at 535-36. The Appellate Division disagreed and found that the Farmland Assessment Act and the tax exemption statute have different purposes: while the Farmland Assessment Act's goal, concurrent with Municipal Land Use Law's, is to reward people for performing a private function to achieve a particular land use objective – preservation of farmland, the exemption statute does not have a land use objective but instead operates to compensate a property owner for the exempt facility's nonprofit contribution to the public good. Society of the Holy Child Jesus, 418 N.J. Super. at 380. The court pointed out that the benefits conferred to the public by the exempt organization do not change merely because of the location of the facility, and thus the exemption must be available irrespective of property operating in violation of zoning ordinances. Id. at 383, 386. Finally, the Appellate Division held that a zoning violation cannot be used to strip a property tax exemption granted by N.J.S.A. 54:4-3.6 because the exemption statute does not contain a requirement for the property to comply with local zoning ordinances. Id. at 386–87.

The court sees no reason to diverge from the Appellate Division's holding. Here, Plaintiff has provided—and continues to provide—religious services to the community of Old Tappan. While allegedly these services are provided in violation of local zoning ordinance, this has no bearing on whether Chabad is entitled to the exemption.

Defendant's reliance on World Challenge, Inc., is also misplaced. There, a nonprofit corporation based in Texas offered various social and religious services and owned a church in New York City. 14 N.J. Tax at 25. The minister of its New York City church lived in New Jersey, and the corporation petitioned for a parsonage exemption. Id. at 24–25. The court held that the organization was not entitled to the exemption because it did not have a church in New Jersey. Id.

9

at 28.   However, in <u>Congregation Chateau Park Sefard v. Twp. of Lakewood</u>, 30 N.J. Tax 225 (Tax 2017), this court interpreted this perceived limitation in <u>World Challenge, Inc.</u>. There, a nonprofit religious organization leased space inside a community center to perform its worship services.   <u>Congregation Chateau Park Sefard,</u> 30 N.J. Tax at 227. The assessor denied the parsonage exemption to the house occupied by the organization's Rabbi, because   organization did not own an exempt house of worship. <u>Id.</u> at 229-30.  The court found that the exemption statute did not contain a requirement for a religious organization  to own and convene at an exempt church to be allowed a parsonage exemption, and that the statute only required that the religious organization own the property seeking parsonage exemption and provide religious services in this State. <u>Id.</u> at 237-39.  The court also interpreted the holding in <u>World Challenge, Inc.</u> as not requiring  a physical location of a congregation within an exempt building but as a congregation who "worship and exercise their religion in New Jersey, regardless of the tax exempt status of any building in which they may gather." <u>Id.</u> at 237-38.  This court agrees that the statute does not contain a requirement for a congregation to own and occupy an exempt structure because the benefit provided to a New Jersey congregation does not depend on the exemption or ownership status of the location where the congregation assembles.  Thus, the fact that Chabad does not own an exempt house of worship has no bearing on whether a parsonage exemption is available to Plaintiff.  It is undisputed that Chabad operates and conducts its religious service in New Jersey at 183 Old Tappan Road, where Rabbi Lewis performs most of his Chabad work.  In that sense, the Chabad operation is the "exempt house of worship" because its worship service is provided in New Jersey.

Overall, Plaintiff presented sufficient evidence to satisfy the requirements of N.J.S.A. 54:4-3.6 for parsonage exemption. Rabbi Lewis officiates Chabad's religious services and oversees its

congregation. He occupies the parsonage and the land it is located on, which does not exceed five acres, is necessary for the fair enjoyment of the residence, and is not used for other purposes. Chabad is not conducted for profit. Chabad owns the parsonage property. Finally, Chabad is authorized in its bylaws to carry out the purposes of a religious organization. The fact that the concept of a Chabad house eschews traditional synagogue formalities does not strip it of the religious status required by the exemption statute. Plaintiff is a religious organization, and Rabbi Lewis officiates its religious services. When considering binding precedent and statutory authority, the court can find no requirement that Plaintiff fails to satisfy.

## Conclusion

For the reasons stated above, Plaintiff's application for a parsonage exemption under N.J.S.A. 54:4-3.6 is GRANTED. Clerk of the Tax Court is directed to enter a judgement in accordance with this opinion.

Very truly yours,

Honorable Joseph M. Andresini, P.J.T.C.

11