NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5163-18

STATE OF NEW JERSEY,

      Plaintiff-Respondent,

v.

VALERIE WILLIAMS,

      Defendant-Appellant.

_____

APPROVED FOR PUBLICATION

March 18, 2021

APPELLATE DIVISION

Submitted December 15, 2020 – Decided  March 18, 2021

Before Judges Gilson, Moynihan and Gummer.

On appeal from the Superior Court of New Jersey, Law Division, Morris County, Municipal Appeal No. 17-036.

Marshall Dennehey Warner Coleman & Goggin, attorneys for appellant (Ryan T. Gannon, on the briefs).

Feintuch, Porwich & Feintuch, attorneys for respondent (Philip Feintuch, on the brief).

The opinion of the court was delivered by

MOYNIHAN, J.A.D.

Following a trial de novo in the Law Division, defendant Valerie Williams appeals from her conviction for violating a municipal ordinance that prohibits the unnecessary obstruction of any street in the Borough of Victory Gardens. The undisputed facts adduced at trial evidence that she used black paint to cover white lines painted on a paved surface by the municipality and painted a new exterior white line. She describes that paved area as a "parking bay" she claims is part of her property; the State claims it is part of a public street. On appeal, she argues:

> [POINT I]
>
> THERE WAS REVERSIBLE ERROR THAT REQUIRES [DEFENDANT'S] CONVICTION TO BE OVERTURNED OR ALTERNATIVELY REMANDED FOR A NEW TRIAL.
>
> > [(A)] The municipal court improperly excluded [defendant's] ability to present evidence of ownership of the parking bay where she painted[.]
> >
> > [(B)] The prosecution failed to meet its burden of demonstrating that [defendant] "obstructed" a public street[.]
>
> [POINT II]
>
> THE FINES IMPOSED VIOLATE STATE V. NEWMAN[1] AND THE MUNICIPAL CODE[.]

---

[1] 132 N.J. 159 (1993).

Our review of the Law Division's final decision after a trial de novo is typically "limited to determining whether there is sufficient credible evidence present in the record to support the findings of the Law Division judge, not the municipal court," State v. Clarksburg Inn, 375 N.J. Super. 624, 639 (App. Div. 2005), requiring "'consideration of the proofs as a whole,' and not merely those offered by the defendant," State v. Kuropchak, 221 N.J. 368, 383 (2015) (quoting State v. Johnson, 42 N.J. 146, 162 (1964)). Under that standard, we disregard "[a]ny error or omission . . . unless it is of such a nature as to have been clearly capable of producing an unjust result[.]" R. 2:10-2; see also Kuropchak, 221 N.J. at 383. We nevertheless review the Law Division's interpretation of the law de novo without according any special deference to the court's interpretation of "the legal consequences that flow from established facts." Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995); see also Kuropchak, 221 N.J. at 383. The proofs did not establish that defendant violated the ordinance; we therefore reverse.

The Borough issued a summons charging defendant with violating Chapter III, Section 3-7.29 of the Borough's Municipal Code that provides, in pertinent part: "No person shall unnecessarily obstruct any . . . street, or public place in the Borough with any kind of vehicle, boxes, lumber, wood, or any other thing[.]" The Law Division convicted defendant, reasoning that

3                                                           A-5163-18

painting over the white lines constituted an obstruction of the street within the meaning of "or any other thing[.]" We disagree.

"The established rules of statutory construction govern the interpretation of a municipal ordinance." Twp. of Pennsauken v. Schad, 160 N.J. 156, 170 (1999). "The first step of statutory construction requires an examination of the language of the ordinance. The meaning derived from that language controls if it is clear and unambiguous." Ibid. (citations omitted). Such is the case here.

The portions of Chapter III of the Borough ordinances provided in the record contain several sections of definitions, but those sections, including those specific to Section 3-7, do not define "obstruct." We must therefore "read and construe[]" the words "with their context" and, "unless another or different meaning" is specified, give them "their generally accepted meaning, according to the approved usage of the language." N.J.S.A. 1:1-1; see also In re Plan for the Abolition of the Council on Affordable Hous., 214 N.J. 444, 467-68 (2013); Pub. Serv. Elec. & Gas Co. v. Twp. of Woodbridge, 73 N.J. 474, 478 (1977).

Ingrained in all the common definitions of "obstruct" is the physical impediment of passage along a course. Black's Law Dictionary defines it as "[t]o block or stop up (a road, passageway, etc.); to close up or close off, esp[ecially] by obstacle[.]" Black's Law Dictionary 1246 (10th ed. 2014). The

Oxford Universal Dictionary's several definitions include: "To block, close up, or fill (a way or passage) with obstacles or impediments; to render impassable or difficult of passage." The Oxford Universal Dictionary 1353 (3d ed. 1964). Webster defines the term as "to block or close up with an obstacle or obstacles, as a road . . .; make difficult to pass." Webster's Encyclopedic Unabridged Dictionary of the English Language 995 (1989).

In a statute similar to the Borough ordinance, persons who "purposely or recklessly obstruct[] any highway or other public passage" without "having . . . legal privilege to do so" commit "a petty disorderly persons offense." N.J.S.A. 2C:33-7(a). "'Obstructs' means renders impassable without unreasonable inconvenience or hazard." Ibid. We agree with certain Law Division holdings requiring an actual blockage as a necessary element of that offense. Before her tenure in the Appellate Division and subsequent appointment to our Supreme Court, then-Judge Virginia A. Long, assigned to the Criminal Part in Union County, found a defendant not guilty of violating N.J.S.A. 2C:33-7 after determining "obstruction [was] simply not an issue" where

> [t]he only testimony about obstruction from the [arresting] officer was his admission that access to the unemployment office was not obstructed at all, but that his concern was with people having to walk on the gravel which was not, to him, "proper access." This testimony, taken in light of an uncontroverted diagram offered by defendants to show other available means of access to the unemployment office, falls far

> short of what would be necessary to establish an obstruction under the statute.
>
> [State v. Greenberg, 179 N.J. Super. 565, 571 (Law Div. 1980).]

In contrast, a defendant who "barred the use of the" doorway to a medical clinic that performed abortions, "rendering it impassable to employees and visitors," was found guilty of violating N.J.S.A. 2C:33-7(a). State v. Wishnatsky, 258 N.J. Super. 67, 82 (Law Div. 1990).

The plain language of the Victory Gardens ordinance requires a physical blockage before a person can be held accountable for "unnecessarily obstruct[ing] . . . [a] street." Indeed, Section 3-7.29 specifies examples of items that constitute such blockage: "any kind of vehicle, boxes, lumber, wood, or any other thing[.]" (Emphasis added.) In context, therefore, the mere act of repainting the lines or painting a new line—assuming the paved portion was a street—did not obstruct the street in violation of the ordinance. There is no evidence defendant obstructed the street by parking her car in the repainted area. Nor is there any evidence the area was otherwise rendered impassable by defendant's act.

Even if the term "obstruct" is ambiguous—which we do not determine or suggest—we must strictly construe the ordinance and narrowly interpret its terms "[b]ecause municipal court proceedings to prosecute violations of

6

ordinances are essentially criminal in nature." Schad, 160 N.J. at 171. All courts "should also be guided by the rule of lenity, resolving any ambiguities in the ordinance in favor of a defendant charged with a violation thereof." Ibid. Viewed through that narrowly focused lens, defendant did not obstruct the street.

We do not imply defendant did not commit some violation of another ordinance or a statute. We reverse because the prosecution did not establish a violation of the charged ordinance.

Our determination renders it unnecessary to address defendant's claim that she was precluded from offering into evidence what she described as a "building permit" to prove she owned the paved area. We would have determined that argument to be without sufficient merit to warrant discussion, see R. 2:11-3(e)(2), because, contrary to defendant's contention, she was not precluded from introducing the evidence. As her second counsel[2] admitted to the Law Division, that evidence "was not presented at the [municipal court] hearing" and there was no evidence presented to establish defendant's ownership rights. Our review of the record reveals there was no effort to

---

[2] Defendant was represented by a different attorney during the municipal court trial.

A-5163-18

authenticate the "building permit" or any other documentary proof that would have supported defendant's claim of ownership.

Our decision also renders moot defendant's arguments regarding the fine and restitution.[3] We do agree with her position that neither the municipal court nor the Law Division complied with N.J.S.A. 2C:44-2(c). Courts are required to "take into account the financial resources of the defendant and the nature of the burden that its payment will impose" when "determining the amount and method of payment of a fine." N.J.S.A. 2C:44-2(c)(1); see also Newman, 132 N.J. at 169-70. When "determining the amount and method of payment of restitution," courts are likewise required to "take into account all financial resources of the defendant, including the defendant's likely future earnings, and shall set the amount of restitution so as to provide the victim with the fullest compensation for loss that is consistent with the defendant's ability to pay." N.J.S.A. 2C:44-2(c)(2); see also Newman, 132 N.J. at 169-70. Although courts have considerable discretion in imposing monetary sanctions, they must comply with the statutory safeguards. Newman, 132 N.J. at 169-70.

---

[3] The municipal court imposed the maximum fine of $1,250, $33 in court costs and $4,229.33 in restitution, totaling $5,512.33. The Law Division resentenced defendant and imposed a fine of $1,250, court costs of $33 and restitution of $900. In her merits brief, defendant refers to the restitution imposed as an "additional fine."

Reversed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-5163-18